# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANG M. NGO,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GREEN TREE SERVICING, LLC, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO: 13-CV-2929 W (RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 5]** |

Pending before the Court is Defendant Green Tree Servicing's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and request for judicial notice. Plaintiff Thang M. Ngo opposes the motion. The request for judicial notice is unopposed.

The Court decides the matter on the papers submitted and without oral argument under Civil Local Rule 7.1(d)(1). The Court **GRANTS** Defendant's request for judicial notice [Doc. 6], and for the following reasons **GRANTS** Defendant's motion to dismiss [Doc. 5].

## I.  BACKGROUND

On October 4, 2002, Thang M. Ngo obtained a loan in the amount of $396,000 with a monthly mortgage payment of $1,683.83. ("*Compl.*" [Doc. 1-2], ¶ 24.) At some point, Bank of America became the servicer of Plaintiff's loan. (*Id.* at ¶ 25.) Plaintiff

made on-time monthly payments until August 2012, when losses at her nail-salon business rendered her unable to make the payments. (*Id.* at ¶¶ 24, 26.) From August 2012 through March 2013, Plaintiff repeatedly requested assistance from Bank of America, which was denied in part because the loan was being transferred to Defendant Green Tree. (*Id.* at ¶ 26.)

In April 2013, Defendant became the servicer of Plaintiff's loan. (*Compl.* at ¶ 26; *RJN* [Doc. 6], Ex. C [Doc. 6-4].) On May 6, 2013, following a request from Plaintiff, Defendant offered her a Trial Period Plan ("TPP") which increased her monthly payments from $1,683.83 to $2,103.94. (*Compl.*, ¶¶ 26-27.) Despite multiple requests from Plaintiff, Defendant offered her no further options. (*Id.* at ¶ 27.)

On December 6, 2013, Plaintiff filed a civil action in the San Diego County Superior Court alleging the following six causes of action: (1) breach of contract; (2) constructive fraud; (3) promissory estoppel; (4) negligence; (5) negligent misrepresentation; and (6) violation of Business and Professions Code §§ 17200, et seq. Defendant subsequently removed the case to this Court based on federal diversity jurisdiction. (*Removal Notice* [Doc. 1], ¶ 7.) Defendant now moves to dismiss the Complaint. Plaintiff opposes.

## II.  LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See N. Star Int'l v. Ariz. Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. Id. The court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

As explained by the Supreme Court, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by parties. Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions. Id. Courts may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994) (citing Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Fed. Sav. and Loan Ass'n v. Solimino, 501 U.S. 104 (1991)).

**III.   DISCUSSION**

    **A.   Plaintiff has failed to state a claim for breach of contract.**

Plaintiff's first cause of action alleges Defendant Green Tree breached the Servicer Participation Agreement ("SPA") to which Plaintiff claims to be a third-party beneficiary, by failing to follow the Home Affordable Refinance Program ("HAMP") guidelines allegedly required therein. (*Compl.*, ¶¶ 13, 30.) Plaintiff also claims that

under California Civil Code § 1549, she can enforce the SPA contract as a third-party beneficiary. (*Id.* at ¶ 31.) Plaintiff is mistaken for at least two reasons.

First, numerous district courts have considered whether borrowers are intended beneficiaries of contracts entered pursuant to HAMP. The vast majority of cases have found that borrowers are not third-party beneficiaries. See <u>Orcilla v. Bank of America, N.A.</u>, 2010 WL 5211507, *3 (N.D. Cal., 2010) (citing <u>Hoffman v. Bank of America, N.A.</u>, 2010 WL 2635773, *3 (N.D. Cal., 2010); <u>Morales v. Chase Home Finance LLC</u>, 2011 WL 1670045, *9 (N.D. Cal., 2011).) This Court agrees with those cases, and thus the breach of contract claim fails as a matter of law.

Second, Plaintiff misconstrues the HAMP requirements. By her own admission, HAMP only requires a servicer to "determine which loans meet HAMP eligibility criteria," and does not require offering a loan modification. (*Compl.*, ¶ 15.) HAMP simply provides guidelines in the decision-making process for loan modifications. <u>Escobedo v. Countrywide Home Loans, Inc.</u>, WL 4981618, *3 (S.D. Cal., 2009). Only when a borrower is offered and successfully completes a TPP, does the obligation to offer a permanent loan modification arise. <u>Corvello v. Wells Fargo Bank, NA et al.</u>, 728 F.3d 878 (9th Cir. 2013). However, that duty arises from the TPP (i.e., contract) between the homeowner and servicer, and not from the SPA between the U.S. Treasury and the servicer. <u>Id.</u> And here, Plaintiff pleads no facts that she accepted and completed the TPP. (*Compl.*, ¶¶ 26-28.)

For these reasons, Plaintiff's claim for breach of the SPA fails.

**B.** <u>**Plaintiff has failed to state a claim for constructive fraud.**</u>

The second cause of action alleges that Defendant Green Tree was deceitful by offering Plaintiff a TPP that charged her more than her original mortgage payments. (*Compl.*, ¶ 38.) "Constructive fraud is a unique species of fraud applicable only to a fiduciary or confidential relationship." <u>Assilzadeh v. California Federal Bank</u>, 82 Cal. App. 4th 399, 415 (2000). In California, a fiduciary duty exists when a party

"knowingly undertake[s] to act on behalf and for the benefit of another, or must enter into a [special] relationship which imposes that undertaking as a matter of law." <u>City of Hope National Medical Center v. Genentech, Inc.</u>, 43 Cal. App. 4th 375, 385 (2008).

Here, Defendant is the servicer of Plaintiff's loan. Plaintiff admits that when Defendant "was merely the [s]ervicer of Plaintiff's loan, . . . the traditional lender borrower relationship [existed], which d[id] not impose a duty of care." (*Compl.*, ¶ 45.) Then, without citing any authority, Plaintiff alleges that "[b]y offering a Trial Period Plan, [Defendant] stepped outside its role as a traditional lender and created a duty to deliver a modification of the original note and Deed of Trust." (*Id.* at ¶ 38.) Plaintiff refers to the alleged duty as requiring Defendant to "save Plaintiff's home from foreclosure." (*Id.*)

While there is some disagreement regarding whether offering a loan modification is outside the scope of a traditional money-lender relationship, several district courts and one recent California appellate decision have found that "offering loan modifications is sufficiently entwined with money lending so as to be considered within the scope of typical money lending activities. . . ." <u>Aspiras v. Wells Fargo Bank, N.A.</u>, 219 Cal. App. 4th 948 (2013); <u>Alvarado v. Aurora Loan LLC</u>, 2012 WL 4475330 (C.D. Cal. 2012) (holding a servicing company owed no duty to plaintiff for offering a loan modification); <u>Settle v. World Sav. Bank, F.S.B.</u>, 2012 WL 1026103 (C.D. Cal. 2012) (characterizing loan modifications as a traditional money lending activity); <u>Johnston v. Ally Fin. Inc.</u>, 2011 WL 3241850 (S.D. Cal. 2011) (same). This Court agrees with these cases, and finds that Defendant did not owe Plaintiff a fiduciary relationship by offering her a TPP.

Although the Court finds the Complaint lacks facts demonstrating that Defendant owed Plaintiff a fiduciary duty, the Court will give Plaintiff an opportunity to plead other facts demonstrating that Defendant went above and beyond a traditional servicer-borrower role.

1     C.     **Plaintiff has failed to state a claim for promissory estoppel.**

Plaintiff's third cause of action alleges promissory estoppel. Promissory estoppel requires: (1) a clear promise; (2) reasonable reliance; (3) substantial detriment; and (4) damages. Toscano v. Greene Music, 124 Cal. App. 4th 685, 692 (2004).

Plaintiff's promissory estoppel cause of action is based on the theory that Defendant promised her that a lower payment would be forthcoming, but instead ultimately offered her a higher payment. (*Compl.*, ¶ 42.) Plaintiff further alleges that she "justifiably and actually relied on" Defendant's promise of forthcoming lower payments "to her detriment such that one years' worth of arrears accumulated." (*Id.*, ¶ 42.) There are at least two problems with this claim.

According to the Complaint, in August 2012, Plaintiff stopped making mortgage payments due to "her continued loss of income from her self-employment of a nail salon." (*Id.* at ¶ 26.) Plaintiff further alleges that at the time (and through "late 2012"), Bank of America was still the servicer of the loan (not Defendant). (*Id.*) Indeed, the Complaint and Deed of Trust confirm that Defendant did not become the servicer of the loan until April 2013. (*See RJN* [Doc. 6], Ex. C [Doc. 6-4].) Based on these allegations, the only reasonable inference is that Plaintiff stopped making payments because of her financial hardship, and not because of anything Defendant did or did not do.

Moreover, Plaintiff also alleges that she did not request a loan modification from Defendant until it became the servicer:

> In April 2013, after GREEN TREE became the servicer, [] Plaintiff requested that GREEN TREE follow the HAMP and FDIC guidelines, as well as the California statutes, and allow her to save her home from foreclosure.

(*Compl.*, ¶ 26.) Plaintiff also concedes that on "May 6, 2013," approximately one month later, "GREEN TREE offered Plaintiff a . . . TPP that *increased*, not reduced, her monthly mortgage . . . ." (*Id.*, ¶ 27.) Based on these allegations, it is not reasonable to infer that Plaintiff's accrual of one-year's worth of payments was the result of her reliance on Defendant's alleged promise of lower future payments.

1    Because Plaintiff's allegations suggest that she stopped making payments as a
2 result of her financial hardship and that she did not accrue one-years work of arrears
3 as a result of Defendant's conduct, Plaintiff has failed to establish reasonable reliance,
4 and substantial detriment. For these reasons, the Court finds Plaintiff has failed to state
5 a claim for promissory estoppel.

### D.     **Plaintiff has failed to state a claim for negligence.**

The fourth cause of action in Plaintiff's Complaint is for negligence. Negligence requires the Plaintiff to show there is a legal duty owed to her. Wiener v. Southcoast Childcare Centers, Inc., 32 Cal. 4th 1138 (2004). Plaintiff makes the same arguments here as she did under her constructive fraud claim— that Defendant stepped outside its traditional role when it offered her a TPP, thus creating a duty. (*Compl.*, ¶ 45.) For the reasons discussed with respect to the claim for constructive fraud, the Court finds Plaintiff has failed to plead facts establishing the existence of a duty.

### E.     **Plaintiff has failed to state a claim for negligent misrepresentation.**

Plaintiff's fifth cause of action alleges negligent misrepresentation, which requires (1) a misrepresentation of a material fact; (2) made without reasonable grounds for believing it to be true; (3) made to induce reliance on the fact misrepresented; (4) plaintiff's justifiable reliance; and (5) resulting damages. Wells Fargo Bank, N.A. v. FSI, Financial Solutions, Inc., 196 Cal. App. 4th 1559, 1573 (2011).

Plaintiff's negligent misrepresentation claim suffers from the same deficiencies as Plaintiff's promissory-estoppel claim. In short, the Complaint's allegations strongly suggest that Plaintiff stopped making payments and accrued a year's worth of arrears because of her financial hardship and not because of any promise by Defendant. Accordingly, Plaintiff has failed to plead facts demonstrating justifiable reliance and resulting damages.

1    Additionally, the Complaint's factual allegations provide insufficient notice to
2 Defendant regarding the alleged misrepresentation. Plaintiff alleges that Defendant's
3 "employees misrepresented that a lower payment would be offered . . . without
4 reasonable grounds for believing it to be true." (*Compl.*, ¶ 51.) More is required to
5 assert a claim for deceit. For purposes of this case, Plaintiff must also identify who,
6 when and how the misrepresentation was made. Accordingly, for this additional reason,
7 the Court finds the misrepresentation claim is deficient.

### F.    Plaintiff has failed to state a claim for violation of the UCL.

Plaintiff's sixth cause of action alleges that Defendant's business conduct constitutes a violation of California's UCL, which prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Because section 17200 is written in the disjunctive, it establishes three varieties of unfair competition: acts or practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).

To pursue a section 17200 claim, plaintiffs are required to establish that they "suffered an injury in fact and [] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Economic injury is a classic form of injury in fact, and exists where the plaintiff is deprived of property or money to which he or she has a cognizable claim. Kwikset Corp. v. Super. Ct., 51 Cal. 4th 310, 323 (2011).

Defendant argues that Plaintiff's UCL claim should be dismissed because she lacks standing to pursue the claim, and she has failed to plead facts demonstrating that Defendant violated any of the UCL's three prongs. The Court agrees.

Plaintiff appears to allege two types of damages caused by Defendant. First she alleges that Defendant "caus[ed] one year of missed payments to occur. . . ." (*Compl.*,

¶ 56.) For the reasons stated above, the Court finds the allegations in the factual background portion of the Complaint establish that the missed payments were due to her own financial hardship and not Defendant's conduct.

Second, Plaintiff alleges that as a result of Defendant's conduct, she faces the "prospect of losing her home forever to a trustee's sale." (*Compl.*, ¶ 62.) As Defendant's point out, this allegation is insufficient because it is based on the possibility Plaintiff may lose her home, and thus she has failed to allege the deprivation of property or money.

Finally, the Complaint's factual allegations indicate that within a month of becoming the servicer of Plaintiff's loan and receiving her request for a modification, Defendant allegedly offered a TPP that would increase her payments. These allegations are simply insufficient to establish that Defendant engaged in unlawful, unfair, or fraudulent conduct.

IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Defendant Green Tree's motion [Doc. 5] and **DISMISSES** this case. Although unclear whether Plaintiff can amend the Complaint to state a claim, because leave to amend should be freely given, the Court will give Plaintiff an opportunity to amend her claims. However, any amended complaint must be filed on or before **April 2, 2014**.

**IT IS SO ORDERED.**

DATED: March 13, 2014

Hon. Thomas J. Whelan
United States District Judge